## Fayette I. Foss v. Emma M. Streator.

### Filed January 5, 1899.   No. 8559.

1. **Conflicting Evidence: Review.** The verdict of a jury· on an issue of fact will not be disturbed where the evidence was substantially conflicting.

2. **Estoppel.** A lent money to B & C, partners. Certain moneys were thereafter paid by B to A. A receiver was appointed to wind up the partnership, and B, without authority from A and without her knowledge, proved her whole claim against the firm and secured its allowance without deduction of the moneys paid by B. A dividend was paid A on the claim, but she did not know when she received it that her claim had been so presented and allowed, and the payment made was, together with the moneys paid by B, less than the debt to her. In a suit by B to recover the moneys. paid by him as moneys lent, *held* that A was not by the foregoing facts estopped to assert that such moneys had been paid by B to her as partial payments of the firm debt and not as a loan.

Error from the district court of Saline county. Tried below before Hastings, J.   *Affirmed.*

*F. I. Foss* and *W. R. Matson*, for plaintiff in error.

*J. H. Grimm, contra.*

Irvine, C.

Foss sued Mrs. Streator for $425 alleged to have been by Foss lent to the defendant. The answer was in effect that prior to the transactions sued on Foss had been a partner with James W. Dawes, their business consisting in part in the lending of money; that defendant had placed with them for use in that manner about $2,000, and that the payments relied on by plaintiff as constituting loans were ·in fact partial repayments to her of the moneys so advanced. She had a verdict and judgment, and the plaintiff brings the case here by petition in error.

So far as the case in its essential merits is concerned it may be briefly disposed of by·saying that the nature of

the transaction in dispute depended solely on a question of fact resolved by the jury, on conflicting evidence, in favor of the defendant. The finding on that issue cannot be disturbed.

There is much discussion in the briefs as to election of remedies. This seems to be directed to the fact that the proof shows that defendant originally lent her money to the firm of Dawes & Foss, that firm passed into the hands of a receiver, and that the claim of defendant for the whole amount remaining due her, apparently without deduction of the moneys here sued for, was allowed as a claim against the firm. A dividend was paid to defendant and by her accepted; hence it is argued that she elected to pursue a joint remedy against the firm and cannot proceed against Foss alone. She is not suing Foss. She merely interposes the facts as a defense to Foss' assertion that he advanced money as a loan to her. If the order and payment in the receivership case have a bearing, it must be as evidence in support of plaintiff's theory. Perhaps even the proving up of the whole debt against the firm might ordinarily operate as an estoppel to assert that this money was a part payment thereon. But the proof here tends to show that the claim was presented against the firm by Foss himself without defendant's knowledge and without authority so to do, and further, that when she accepted the dividend she did not know of the presenting and allowance of the claim for the whole amount. The payment was made to her by a check signed by the receiver, but otherwise it did not disclose its nature, and was handed to her by Foss' bookkeeper. She cannot be held estopped by legal proceedings which she did not authorize, or by unwittingly availing herself of their fruits, and this more especially because the dividend paid her, together with the sums here in dispute, did not satisfy the debt.

Complaint is made of certain instructions. Of these the only one assigned as erroneous in the motion for a new trial, and consequently the only one open for re-

view, is one given at request of defendant. The portion complained of is as follows: "If the jury shall find from the evidence that the money sued for in this case was paid by the plaintiff to the defendant to apply on an indebtedness then existing from Dawes & Foss to the defendant, and that the defendant at the time so understood it and took the money as such payment in part of the indebtedness of Dawes & Foss to her, then the plaintiff cannot recover in this action." The objection urged is that this instruction made the transaction depend on defendant's understanding and made a contract without a concurrence of minds. Without considering the correctness of the criticism from a legal standpoint, it suffices to say that the instruction is not, we think, susceptible of the construction indicated. It requires the jury to first find that the plaintiff paid the money to apply on the debt, and also to find that the defendant understood that it was so paid,—in other words, to find a consensus on that point.

AFFIRMED.